1  SANDRA R. BROWN
   Acting United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   Joey Blanch (SBN 186487)
4  Assistant United States Attorney
   Deputy Chief, Violent & Organized Crime Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-3315
7       Facsimile: (213) 894-3713
        E-mail:    joey.blanch@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR 16-363-ODW

13            Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                       MARK WAYNE SALLING
14            v.

15  MARK WAYNE SALLING,

16            Defendant.

17

18       1.    This constitutes the plea agreement between MARK WAYNE

19  SALLING ("defendant") and the United States Attorney's Office for the

20  Central District of California ("the USAO") in the above-captioned

21  case.  This agreement is limited to the USAO and cannot bind any

22  other federal, state, local, or foreign prosecuting, enforcement,

23  administrative, or regulatory authorities.

24              RULE 11(c)(1)(C) AGREEMENT

25       2.    Defendant understands that this agreement is entered into

26  pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

27  Accordingly, defendant understands that, if the Court determines that

28  it will not accept this agreement, absent a breach of this agreement

1  by defendant prior to that determination and whether or not defendant
2  elects to withdraw any guilty plea entered pursuant to this
3  agreement, this agreement will, with the exception of paragraph 24
4  below, be rendered null and void and both defendant and the USAO will
5  be relieved of their obligations under this agreement.  Defendant
6  agrees, however, that if defendant breaches this agreement prior to
7  the Court's determination whether or not to accept this agreement,
8  the breach provisions of this agreement, paragraphs 27 and 28 below,
9  will control, with the result that defendant will not be able to
10  withdraw any guilty plea entered pursuant to this agreement, the USAO
11  will be relieved of all of its obligations under this agreement, and
12  the Court's failure to follow any recommendation or request regarding
13  sentence set forth in this agreement will not provide a basis for
14  defendant to withdraw defendant's guilty plea.

15  DEFENDANT'S OBLIGATIONS

16     3.   Defendant agrees to:

17        a.   At the earliest opportunity requested by the USAO and
18  provided by the Court, appear and plead guilty to Count Two of the
19  Indictment in United States v. Salling, CR No. 16-636-ODW, which
20  charges defendant with Possession of Child Pornography Involving a
21  Prepubescent Minor, in violation of 18 U.S.C. §§ 2252A(a)(5)(B),
22  (b)(2).

23        b.   Not contest facts agreed to in this agreement.

24        c.   Abide by all agreements regarding sentencing contained
25  in this agreement and affirmatively recommend to the court that it
26  impose sentence in accordance with paragraph 18 of this agreement.

27

28

2

d.     Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.     Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.     Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.     Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.     Make restitution at or before the time of sentencing, and not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

i.     Agree to and not oppose the imposition of the following conditions of supervised release:

i.     Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

3

ii.    Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.   The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.   Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv.    Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing child pornography, as defined at 18 U.S.C. § 2256(8), or sexually explicit conduct involving children, as defined at 18 U.S.C. § 2256(2), or sexually explicit conduct involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct, that are deemed inappropriate by defendant's probation officer.   This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex

1  offender treatment, when defendant's treatment provider or the
2  probation officer has approved of defendant's possession of the
3  materials in advance.

4        v.  Defendant shall not associate or have verbal,
5  written, telephonic, or electronic communication with any person
6  under the age of 18, except: (a) in the presence of the parent or
7  legal guardian of said minor; and (b) on the condition that defendant
8  notifies said parent or legal guardian of defendant's conviction in
9  the instant offense/prior offense.  This provision does not encompass
10 persons under the age of 18, such as waiters, cashiers, ticket
11 vendors, etc., with whom defendant must interact in order to obtain
12 ordinary and usual commercial services.

13       vi.  Defendant shall not frequent, or loiter, within
14 100 feet of school yards, parks, public swimming pools, playgrounds,
15 youth centers, video arcade facilities, or other places primarily
16 used by persons under the age of 18.

17       vii. Defendant shall not affiliate with, own, control,
18 volunteer or be employed in any capacity by a business or
19 organization that causes defendant to regularly contact persons under
20 the age of 18.

21       viii.  Defendant shall not affiliate with, own,
22 control, or be employed in any capacity by a business whose principal
23 product is the production or selling of materials depicting or
24 describing "sexually explicit conduct," as defined at 18 U.S.C.
25 § 2256(2).

26       ix.  Defendant shall not own, use or have access to
27 the services of any commercial mail-receiving agency, nor shall
28 defendant open or maintain a post office box, without the prior

1  written approval of the Probation Officer.

2          x.  Defendant's employment shall be approved by the
3  Probation Officer, and any change in employment must be pre-approved
4  by the Probation Officer.  Defendant shall submit the name and
5  address of the proposed employer to the Probation Officer at least
6  ten days prior to any scheduled change.

7          xi.  Defendant shall not reside within direct view of
8  school yards, parks, public swimming pools, playgrounds, youth
9  centers, video arcade facilities, or other places primarily used by
10  persons under the age of 18.  Defendant's residence shall be approved
11  by the Probation Officer, and any change in residence must be pre-
12  approved by the Probation Officer.  Defendant shall submit the
13  address of the proposed residence to the Probation Officer at least
14  ten days prior to any scheduled move.

15          xii. Defendant shall submit defendant's person, and
16  any property, house, residence, vehicle, papers, computer, other
17  electronic communication or data storage devices or media, and
18  effects to search at any time, with or without warrant, by any law
19  enforcement or Probation Officer with reasonable suspicion concerning
20  a violation of a condition of probation/supervised release or
21  unlawful conduct by defendant, and by any Probation Officer in the
22  lawful discharge of the officer's supervision function.

23          xiii.  Defendant shall possess and use only those
24  computers and computer-related devices, screen user names, passwords,
25  email accounts, and Internet service providers ("ISPs") that have
26  been disclosed to the Probation Officer upon commencement of
27  supervision.  Any changes or additions are to be disclosed to the
28  Probation Officer prior to defendant's first use.  Computers and

1  computer-related devices include personal computers, personal data

2  assistants ("PDAs"), Internet appliances, electronic games, cellular

3  telephones, and digital storage media, as well as their peripheral

4  equipment, that can access, or can be modified to access, the

5  Internet, electronic bulletin boards, and other computers.

6          xiv. All computers, computer-related devices, and

7  their peripheral equipment, used by defendant shall be subject to

8  search and seizure.  This shall not apply to items used at the

9  employment's site that are maintained and monitored by the employer.

10          xv.  Defendant shall comply with the rules and

11  regulations of the Computer Monitoring Program.  Defendant shall pay

12  the cost of the Computer Monitoring Program, in an amount not to

13  exceed $32 per month per device connected to the Internet.

14                        THE USAO'S OBLIGATIONS

15      4.  The USAO agrees to:

16          a.  Not contest facts agreed to in this agreement.

17          b.  Abide by all agreements regarding sentencing contained

18  in this agreement and affirmatively recommend to the court that it

19  impose sentence in accordance with paragraph 18 of this agreement.

20          c.  At the time of sentencing, move to dismiss the

21  remaining counts of the Indictment as against defendant.  Defendant

22  agrees, however, that at the time of sentencing the Court may

23  consider any dismissed charges in determining the applicable

24  Sentencing Guidelines range, the propriety and extent of any

25  departure from that range, and the sentence to be imposed.

26                        NATURE OF THE OFFENSE

27      5.  Defendant understands that for defendant to be guilty of

28  the crime charged in Count Two, that is, Possession of Child

                                7

1   Pornography, in violation of Title 18, United States Code, Sections
2   2252A(a)(5)(B), (b)(2), the following must be true:

3       a.   Defendant knowingly possessed matters which the
4   defendant knew contained visual depictions of minors engaged in
5   sexually explicit conduct;

6       b.   Defendant knew each visual depiction contained in the
7   matters showed minors engaged in sexually explicit conduct;

8       c.   Defendant knew that production of such visual
9   depictions involved use of a minor in sexually explicit conduct; and

10      d.   Each visual depiction had been either (a) mailed, (b)
11  shipped/transported using any means or facility of interstate or
12  foreign commerce or in or affecting interstate and foreign commerce,
13  by any means, including by computer, or (c) produced using material
14  that had been mailed or shipped/transported in or affecting
15  interstate or foreign commerce by any means, including computer.

16      6.   Defendant understands that for defendant to be subject to
17  the enhanced statutory maximum sentence set forth below, the
18  government must prove beyond a reasonable doubt that defendant
19  possessed images of child pornography involving a prepubescent minor
20  and/or a minor under the age of twelve years old.  Defendant admits
21  that defendant, in fact, possessed child pornography images involving
22  a prepubescent minor and a minor who had not attained 12 years of
23  age, as described in Count Two of the Indictment.

24                    PENALTIES AND RESTITUTION

25      7.   Defendant understands that the statutory maximum sentence
26  that the Court can impose for a violation of Title 18, United States
27  Code, Sections 2252A(a)(5)(B), (b)(2), where the offense involved a
28  prepubescent minor and a minor who had not attained 12 years of age

1    is: 20 years' imprisonment; a lifetime period of supervised release;
2    a a fine of $250,000 or twice the gross gain or gross loss resulting
3    from the offense, whichever is greatest; and a mandatory special
4    assessment of $100. Defendant understands that the mandatory minimum
5    period of supervised release that the Court must impose is five
6    years.

7        8.    Defendant agrees to make full restitution to the victims of
8    the offense to which defendant is pleading guilty. Defendant agrees
9    that, in return for the USAO's compliance with its obligations under
10   this agreement, the Court may order restitution to persons other than
11   the victim of the offenses to which defendant is pleading guilty and
12   in amounts greater than those alleged in the count to which defendant
13   is pleading guilty. In particular, defendant agrees that the Court
14   may order restitution to any victim of any of the following for any
15   losses suffered by that victim as a result: (a) any relevant conduct,
16   as defined in U.S.S.G. § 1B1.3, in connection with the offenses to
17   which defendant is pleading guilty; and (b) any counts dismissed and
18   charges not prosecuted pursuant to this agreement as well as all
19   relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with
20   those counts and charges. The parties currently believe that the
21   applicable amount of restitution is approximately $50,000 per victim
22   who has made a formal restitution request and has informed the USAO
23   of that request, but recognize and agree that this amount could
24   change based on facts that come to the attention of the parties prior
25   to sentencing.

26       9.    Defendant understands that, pursuant to the Justice for
27   Victims of Trafficking Act of 2015, the Court shall impose an
28   additional $5,000 special assessment if the Court concludes that

defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this

1    case may also subject defendant to various other collateral
2    consequences, including but not limited to revocation of probation,
3    parole, or supervised release in another case and suspension or
4    revocation of a professional license. Defendant understands that
5    unanticipated collateral consequences will not serve as grounds to
6    withdraw defendant's guilty plea.

7        13. Defendant understands that, if defendant is not a United
8    States citizen, the felony conviction in this case may subject
9    defendant to: removal, also known as deportation, which may, under
10   some circumstances, be mandatory; denial of citizenship; and denial
11   of admission to the United States in the future. The Court cannot,
12   and defendant's attorney also may not be able to, advise defendant
13   fully regarding the immigration consequences of the felony conviction
14   in this case. Defendant understands that unexpected immigration
15   consequences will not serve as grounds to withdraw defendant's guilty
16   plea.

17                              FACTUAL BASIS

18       14. Defendant admits that defendant is, in fact, guilty of the
19   offense to which defendant is agreeing to plead guilty. Defendant
20   and the USAO agree to the statement of facts provided below and agree
21   that this statement of facts is sufficient to support a plea of
22   guilty to the charge described in this agreement and to establish the
23   Sentencing Guidelines factors set forth in paragraph 16, below but is
24   not meant to be a complete recitation of all facts relevant to the
25   underlying criminal conduct or all facts known to either party that
26   relate to that conduct.

27           Beginning in at least April 2015, and continuing to at least
             December 2015, defendant used the Internet from his home in Los
28           Angeles County, in the Central District of California, to

                                      11

download thousands of images of child pornography.  Defendant attempted to conceal his activity by using software that masked his IP address.  However, on at least two occasions in 2015, defendant showed his child pornography to an adult woman in the context of their sexual relationship.  This was ultimately reported to law enforcement.

On December 26, 2015, a search warrant was executed on defendant's home.  More than 50,000 images and videos of child pornography and child erotica were found on defendant's laptop, and another approximately 4,000 images and 160 videos of child pornography were found on defendant's thumb drive.  Additional evidence of child pornography was found on an encrypted hard drive.  In total, defendant's collection consisted of approximately 25,000 still images of child pornography, approximately 600 videos of child pornography, and approximately 29,000 images of child erotica. For example, defendant possessed the following:

    (1)   The image file "Photo.jpg" depicts a prepubescent girl orally copulating an adult male's penis. This image, which was created in the United Kingdom, depicts a known victim of child exploitation.

    (2)   The video file "05.3gp" depicts a prepubescent girl laying on her back with her hands above her head while an adult male penis rubs and penetrates her vagina. This video, which was created in the United Kingdomm depicts a known victims of child exploitation.

    (3)   The video file "(2)(2)(2).mpg" depicts a little girl approximately 3-5 years old.  She is naked and straddling an adult male while the man's penis penetrates her vagina.  This video was created in Georgia, and depicts a known victim of child sexual exploitation.  Defendant acknowledges that this image, among others in his collection, constitutes sadistic and masochistic conduct because it portrays an adult male penetrating a prepubescent child, and that this image, among others in his collection, portrays the sexual abuse or exploitation of a toddler.

Defendant's child pornography and child erotica were highly organized by file name and folder structure.  For example, one series of folders was named as follows: "[girl's name] – 2y," "[girl's name] – 3y," "[girl's name] – 4y," and "[girl's name] – 6y."  Regardless of whether defendant named these files and folders himself, or downloaded the folders with this naming

convention, defendant knew by this naming convention that the folders contained child pornography depicting a child named [girl's name] who was two years old, three years old, four years old, and six years old at the time the images were taken. Defendant also possessed on his laptop computer a document called "jazzguide," which is a manual that instructs adult men how to have vaginal and anal intercourse with little girls who are between three and six years old.

Defendant knew that the images of child pornography that he knowingly downloaded from the Internet depicted real minors engaged in sexually explicit conduct. Defendant also knew that the production of the images of child pornography that he knowingly downloaded from the Internet necessarily involved the use of minors engaged in sexually explicit conduct. Defendant agrees that the images of child pornography that he knowingly received and possessed fall within the definition of child pornography set forth in Title 18, United States Code, Section 2256(8)(A). Defendant further agrees that some of the images of child pornography that he knowingly downloaded from the Internet onto his laptop computer depicted prepubescent minors or minors who had not attained the age of 12 years, and portrayed sadistic or masochistic conduct and the sexual abuse of infants and toddlers. Finally, defendant agrees that each image of child pornography that he knowingly downloaded onto his laptop computer was transported using a means or facility of interstate or foreign commerce, specifically, the Internet, and that where the images were produced outside the state of California, the images necessarily travelled in interstate and/or foreign commerce prior to their discovery at his home in the Central District of California.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

15. Defendant understands that in determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

16. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2G2.2(a)(1) |
| Prepubescent Minor: | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Distribution: | +2 | U.S.S.G. § 2G2.2(b)(3)(F)[1] |
| Sadistic/Masochistic Material: | +4 | U.S.S.G. § 2G2.2(b)(4) |
| Use of a Computer: | +2 | U.S.S.G. § 2G2.2(b)(6) |
| 600+ Images: | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a), (b) |
| Total Offense Level: | 30 | |
| Criminal History Category: | I | |

Guideline Range:                97-121 months

17.  The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

18.  Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the court impose a sentence of: 48-84 months' imprisonment; 20 years' supervised release with conditions to be fixed by the Court which shall include the conditions set forth in paragraph 3(i) above; a $100 special assessment; at least $50,000 for each victim seeking restitution; a $5,000 special assessment

---

[1] Defendant agrees that this enhancement applies based on his showing of child pornography to a third party, regardless of the fact that he did not transfer custody of the child pornography to her. See, e.g., United States v. Holt, 408 Fed.Appx. 229, 238 (11th Cir. 2010)(unpublished)(2-level distribution enhancement pursuant to § 2G2.2(b)(3)(F) applied where defendant displayed child pornography on his cellphone and showed it to a third party); see also United States v. Postel, 524 F.Supp.2d 1120, 1123, n. 3 (N.D.Iowa 2006)(a defendant who loaded child pornography onto his computer screen and directly displayed it to a minor thereby "distributed" it as contemplated in § 2G2.2(b)(3)(E)).

pursuant to the Justice for Victims of Trafficking Act of 2015; and a fine to be set by the court.  The parties agree that restitution is to be paid at the time of sentencing.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

## WAIVER OF CONSTITUTIONAL RIGHTS

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.   The right to persist in a plea of not guilty.

    b.   The right to a speedy and public trial by jury.

    c.   The right to be represented by counsel – and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

    d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.   The right to confront and cross-examine witnesses against defendant.

    f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF RETURN OF DIGITAL DEVICES OR DIGITAL DATA

20. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital device and further waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

21. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 18 above, defendant gives up the right to appeal any portion of that sentence.

23. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 18 above, the USAO gives up its right to appeal any portion of that sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

24. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

16

1  in withdrawing defendant's guilty plea on any basis other than a
2  claim and finding that entry into this plea agreement was
3  involuntary, then (a) the USAO will be relieved of all of its
4  obligations under this agreement; and (b) should the USAO choose to
5  pursue any charge that was either dismissed or not filed as a result
6  of this agreement, then (i) any applicable statute of limitations
7  will be tolled between the date of defendant's signing of this
8  agreement and the filing commencing any such action; and
9  (ii) defendant waives and gives up all defenses based on the statute
10  of limitations, any claim of pre-indictment delay, or any speedy
11  trial claim with respect to any such action, except to the extent
12  that such defenses existed as of the date of defendant's signing this
13  agreement.

14                  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

15      25.  Defendant agrees that if the count of conviction is
16  vacated, reversed, or set aside, both the USAO and defendant will be
17  released from all their obligations under this agreement.

18                     EFFECTIVE DATE OF AGREEMENT

19      26.  This agreement is effective upon signature and execution of
20  all required certifications by defendant, defendant's counsel, and an
21  Assistant United States Attorney.

22                         BREACH OF AGREEMENT

23      27.  Defendant agrees that if defendant, at any time after the
24  signature of this agreement and execution of all required
25  certifications by defendant, defendant's counsel, and an Assistant
26  United States Attorney, knowingly violates or fails to perform any of
27  defendant's obligations under this agreement ("a breach"), the USAO
28  may declare this agreement breached.  All of defendant's obligations

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

18

1 against defendant, and defendant waives and gives up any claim under
2 the United States Constitution, any statute, Rule 410 of the Federal
3 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
4 Procedure, or any other federal rule, that the statements or any
5 evidence derived from the statements should be suppressed or are
6 inadmissible.

7                    COURT AND PROBATION OFFICE NOT PARTIES

8      29.  Defendant understands that the Court and the United States
9 Probation Office are not parties to this agreement and need not
10 accept any of the USAO's sentencing recommendations or the parties'
11 agreements to facts, sentencing factors, or sentencing.  Defendant
12 understands that the Court will determine the facts, sentencing
13 factors, and other considerations relevant to sentencing and will
14 decide for itself whether to accept and agree to be bound by this
15 agreement.

16      30.  Defendant understands that both defendant and the USAO are
17 free to: (a) supplement the facts by supplying relevant information
18 to the United States Probation Office and the Court, (b) correct any
19 and all factual misstatements relating to the Court's Sentencing
20 Guidelines calculations and determination of sentence, and (c) argue
21 on appeal and collateral review that the Court's Sentencing
22 Guidelines calculations and the sentence it chooses to impose are not
23 error, although each party agrees to maintain its view that the
24 calculations and sentence referenced in paragraphs 16 and 18 are
25 consistent with the facts of this case.  While this paragraph permits
26 both the USAO and defendant to submit full and complete factual
27 information to the United States Probation Office and the Court, even
28 if that factual information may be viewed as inconsistent with the

                                19

facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

31. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

SANDRA R. BROWN
Acting United States Attorney


_____     6/3/17
JOEY LYNN BLANCH                     Date
Assistant United States Attorney

_____     9/30/17
MARK WAYNE SALLING                   Date
Defendant

_____     9/30/17
MICHAEL PROCTOR                      Date
KIMBERLY SINGER
Attorneys for Defendant Mark Wayne
Salling

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        9/30/17
MARK WAYNE SALLING                      Date
Defendant


## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARK WAYNE SALLING's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his [her] rights, of possible pretrial motions that might be filed, of possible defenses

that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        ___9/30/17_____
MICHAEL PROCTOR                          Date
KIMBERLY SINGER
Attorneys for Defendant Mark Wayne
Salling

22